UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN MANUFACTURERS
AND COMMERCE INC.,

      Plaintiff,

  v.

                            Case No. 3:25-cv-155

KAREN HYUN,
*in her official capacity as*
*Secretary-Designee of the Wisconsin*
*Department of Natural Resources,*

      Defendant.

**Brief Supporting Plaintiff's Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e) and Supporting Plaintiff's Motion for Leave to Amend the Complaint under Fed. R. Civ. P. 15(a)(2)**

## INTRODUCTION

Plaintiff Wisconsin Manufacturers and Commerce Inc. filed this lawsuit on behalf of its members who are being subjected to state regulation that is preempted by federal law. (*See generally* Dkt. 1.) The Court, however, granted the Defendant's motion to dismiss, concluding that the complaint had failed to establish WMC's standing to bring this suit. (Dkt. 26.) That same day, the Court entered judgment "dismissing this case." (Dkt. 27.)

"When a district court enters final judgment at the same time as it dismisses a complaint, the plaintiff should file a post-judgment motion for leave to amend [the complaint] under Federal Rule of Civil Procedure 59(e)." *White v. Illinois State Police,*

1

15 F.4th 801, 808 (7th Cir. 2021). Under these circumstances, the liberal standard for amending pleadings under Federal Rule of Civil Procedure 15(a)(2) applies to such motions. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1033 (7th Cir. 2024).

Applying that liberal standard here, the Court should grant WMC leave to amend its complaint. Because WMC's proposed amended complaint establishes its standing to bring this suit, the Court should accept the amended complaint for filing.

## ARGUMENT

### The Court should allow WMC to amend its complaint.

WMC will first discuss the principles governing post-judgment motions for leave to amend a complaint. Applying those principles, WMC will next explain why the Court should grant WMC leave to amend its complaint. Finally, WMC will address a technical issue on how to modify the judgment accordingly.

**A. If a district court enters a final judgment when it first dismisses a complaint, the court should liberally allow the plaintiff to amend its complaint.**

A party may amend a pleading with the court's leave, and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This "liberal standard" "require[s] a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015).

Although "a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Instead, because there is a "presumption in favor of giving plaintiffs at least

one opportunity to amend" a complaint, denial of that opportunity "carries a high risk of being deemed an abuse of discretion." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015).

When a district court dismisses a complaint, "a plaintiff should ordinarily 'be given at least one opportunity to try to amend her complaint before the entire action is dismissed.'" *White*, 15 F.4th at 808 (quoting *Runnion*, 786 F.3d at 519). Providing this opportunity is "the usual course." *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 929 (7th Cir. 2025). "[D]istrict courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Bausch*, 630 F.3d at 562 (citation omitted).

Yet, when dismissing a complaint, district courts sometimes take "the unusual step of entering judgment at the same time." *Runnion*, 786 F.3d at 521. In this unusual situation, "the plaintiff should file a post-judgment motion for leave to amend [the complaint] under Federal Rule of Civil Procedure 59(e)." *White*, 15 F.4th at 808. The motion must technically be brought under Rule 59(e) because the court must modify the judgment before allowing the plaintiff to amend the complaint. *Runnion*, 786 F.3d at 521.

Despite being brought under Rule 59(e), such a motion is governed by Rule 15(a)(2)'s liberal standard for amending pleadings—"at least when judgment was entered at the same time the case was first dismissed." *Runnion*, 786 F.3d at 521. Under these circumstances, a district court may *not* evaluate such a motion "under

3

the standard courts normally read into Rule 59(e)." *Taylor*, 110 F.4th at 1033. "The reason is that '[a] district court cannot nullify the liberal right to amend under Rule 15(a)(2) by entering judgment prematurely at the same time it dismisses a complaint that would be amended.'" *Id.* (alteration in original) (citation omitted).[1]

**B. Under the liberal standard for amending pleadings, WMC should be permitted to amend its complaint.**

Under the foregoing principles, this Court should grant WMC leave to amend the complaint. When the Court granted the motion to dismiss, the Court also entered judgment "dismissing this case." (Dkt. 27; *see also* Dkt. 26.) WMC thus filed a Rule 59(e) motion for leave to amend the complaint. As just explained, this Rule 59(e) motion is governed by Rule 15(a)(2)'s liberal standard for amending pleadings, not Rule 59(e)'s more-demanding standard. *See, e.g.*, *Taylor*, 110 F.4th at 1033.

Rule 15(a)(2) heavily favors allowing amendments to complaints. "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting

---

[1] Rule 59(e) does not expressly state the grounds for receiving relief from a judgment. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1033 n.31 (7th Cir. 2024). So "courts typically read into Rule 59(e)" the grounds for obtaining relief from a judgment, requiring a movant to "demonstrate a manifest error of law or fact or newly discovered evidence." *Id.* at 1033. Generally, a Rule 59(e) motion for leave to amend a complaint must satisfy those standards. *See, e.g.*, *Fannon v. Guidant Corp.*, 583 F.3d 995, 1003–04 (7th Cir. 2009); *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007). "But this rule has an exception: '[courts] review post-judgment motions for leave to amend according to the Rule 15 standard when a district court enters judgment at the same time it first dismisses a case.'" *Moran v. Calumet City*, 54 F.4th 483, 500 n.10 (7th Cir. 2022) (quoting *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 629 (7th Cir. 2020)). This exception is well established. *See, e.g.*, *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 929–30 (7th Cir. 2025); *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1033 (7th Cir. 2024); *KAP Holdings, LLC v. MarCone Appliance Parts Co.*, 55 F.4th 517, 528–29 (7th Cir. 2022); *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 310–11 (7th Cir. 2018); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 521–22 (7th Cir. 2015).

a motion to dismiss." *Runnion*, 786 F.3d at 519–20 (emphasis in original) (citation omitted). When addressing a motion to amend a complaint post-judgment, "the district court must still provide some reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Id.* at 522. None of those narrow exceptions apply here, so WMC should be allowed to amend its complaint.

For starters, an amendment to the complaint would not be futile. An amended complaint would cure the alleged pleading deficiency as to standing. This Court concluded that the complaint's "allegations fall short of establishing standing." (Dkt. 26:10.) The Court reasoned that the complaint's allegations "do not allege any [emission] limit or standard imposed against any particular member" of WMC and thus "do not allege any concrete expenditure of time or money made by a particular member." (Dkt. 26:10.) The Court stated that to find standing here, it "would need to assume that DNR had issued a permit to one of plaintiff's members, that the permit limited emissions from a nonroad engine used in that member's facility, that the member diverted time and money to comply with the permit's limits, and that the diversion caused the member harm." (Dkt. 26:11.)

WMC's proposed first amended complaint explicitly alleges those facts, thus curing the alleged deficiency as to standing. As relevant here, the proposed amended complaint alleges the following:

> 36. WMC has standing to bring this lawsuit and assert the claims in this complaint on behalf of its members who manufacture nonroad engines and are subject to DNR's regulatory conduct challenged in this complaint.
>
> 37. In particular, WMC has members for whom all of the following is true: (1) they are categorized as major stationary sources of

air emissions; (2) they manufacture nonroad engines or install nonroad engines into nonroad vehicles; (3) they turn on such engines to test them inside their facilities; (4) and they have DNR-issued air-pollution-control operation permits for those facilities. (Decl. of Scott Manley at 3 ¶9.)

38. Those permits limit emissions from nonroad engines while they are tested in WMC members' facilities.

39. WMC members who meet the conditions stated *supra* in paragraph 37 incur compliance costs as a result of DNR's regulation of emissions from nonroad engines, as well as loss of potential productivity and research and development efficiencies. *See also infra* paragraphs 99–100.

40. To ensure compliance with permit emissions limits for nonroad engines, when testing nonroad engines, these WMC members expend resources ensuring they do not exceed DNR's emissions limits. If those permit limits persist, these WMC members will continue spending time and money to comply with these preempted emissions standards.

41. For example, WMC has at least one member whose DNR-issued air-pollution-control operation permit limits the amount of gasoline that may be used in a given engine test cell each month. (Decl. of Scott Manley at 3 ¶10.) Because such member turns on and runs nonroad engines in the test cell, this permit limitation restricts emissions from nonroad engines. Such member diverts time and money to ensure that those emissions limits are not exceeded, such as by engaging in monitoring and recordkeeping regarding those emissions limits.

42. If this Court grants the relief WMC seeks, and DNR no longer engages in this illegal conduct, WMC's affected members could spend more time and money improving their products and their manufacturing processes—not to mention increasing employees' wages.

(Pl.'s Proposed First Am. Compl. at 7–8 ¶¶36–42.)

Those facts establish standing because they are not "a generalized grievance." (*See* Dkt. 26:12.) A claimed injury does not support standing if it is "abstract and generalized," meaning it involves "an abstract 'general interest common to all members of the public.'" *Carney v. Adams*, 592 U.S. 53, 58–59 (2020) (citation omitted). In other words, a generalized grievance "is not only widely shared, but is

also of an abstract and indefinite nature—for example, harm to the 'common concern for obedience to law.'" *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 23 (1998) (citation omitted). However, the "fact that an injury may be suffered by a large number of people does not of itself make that injury a nonjusticiable generalized grievance." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 n.7 (2016). Here, the alleged harm to certain WMC members is shared among some manufacturers, but it is not "a generalized grievance" because it is not "shared by all members of the public." *See Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020). And this harm is more than an abstract "interest in the proper application of the law." *See Carney*, 592 U.S. at 58. The need to "expend time and resources" to comply with a regulation is a sufficient injury for establishing standing. *See Samnorwood Indep. Sch. Dist. v. Texas Educ. Agency*, 533 F.3d 258, 266 (5th Cir. 2008). Because the proposed amended complaint establishes WMC's standing to sue, this amendment is not futile.[2]

Likewise, this amended complaint will not unduly prejudice the Defendant. "Undue prejudice occurs when the amendment 'brings in entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." *Jacobs v. Xerox Corp. Long Term Disability Income Plan*, 520 F. Supp. 2d 1022, 1046 (N.D. Ill. 2007) (quoting *In re Ameritech Corp. v.*

---

[2] For the sake of completeness and conciseness, WMC incorporates all the arguments it raised in response to the Defendant's motion to dismiss. (*See* Dkt. 16.) *See Line Constr. Benefit Fund v. Asomeo Env't Restoration Indus., LLC*, 688 F. Supp. 3d 727, 736 n.5 (N.D. Ill. 2023) (noting the plaintiffs "incorporate all the arguments from their response to [d]efendant's motion to dismiss into their motion to amend [their complaint]").

*Computer Systems Solutions, Inc.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999)). Here, the proposed amended complaint does not add any new parties or new claims. In fact, it asserts only one claim, which is identical to the sole claim from the original complaint. The amendment simply adds more facts to better establish WMC's standing to sue.

Finally, WMC's motion to amend the complaint is not the product of undue delay or bad faith. WMC filed a proposed amended complaint along with its Rule 59(e) motion, thus indicating diligence and good faith. *Cf. Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994) (noting "the failure to tender an amended complaint with a motion to alter judgment may indicate a lack of diligence or good faith"). Relatedly, WMC timely filed its motions to amend the complaint. The judgment was entered on March 27 (Dkt. 27), and WMC filed its motions within Rule 59(e)'s 28-day time limit. WMC thus did not unduly delay or otherwise act in bad faith by filing these two motions.

Besides, a "delay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992). So even if WMC unduly delayed (it did not), such a delay would not be a sufficient basis for denying its two motions.

In sum, the Court should grant WMC leave to amend the complaint and accept the proposed first amended complaint for filing.

### C. Because the Court should grant WMC leave to amend the complaint, the Court should also modify the judgment.

In the post-judgment context, "when a district court decides to permit the plaintiffs to amend their complaint, it must grant their Rule 59(e) or Rule 60(b)

motion, because a plaintiff may not amend unless the judgment is set aside or vacated." *Paganis v. Blonstein*, 3 F.3d 1067, 1073 n.8 (7th Cir. 1993). Because the Court should grant WMC leave to amend its complaint under Rule 15(a)(2), the Court should first modify the final judgment under Rule 59(e).

Specifically, the Court should modify the judgment to reflect that the initial complaint is dismissed with leave to amend. "If a complaint fails to include enough allegations to support Article III standing for the plaintiffs, the court has only two options: it can either dismiss the complaint with leave to amend, or it can dismiss the case for want of jurisdiction and hence without prejudice." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019). The Court here chose the second option by entering a judgment "dismissing this case." (Dkt. 27.) Because the Court should allow WMC to amend its complaint under Rule 15(a)(2), the Court should also modify the judgment so it merely "dismiss[es] the complaint with leave to amend." *See MAO-MSO Recovery II*, 935 F.3d at 581.

## CONCLUSION

This Court should modify the judgment to state that the complaint is dismissed with leave to amend and should also accept the proposed first amended complaint for filing.

Dated this 22nd day of April 2026.

Respectfully submitted,

*Electronically signed by*

s/ Scott E. Rosenow

Scott E. Rosenow
Wis. Bar No. 1083736
WMC Litigation Center
2 Buttonwood Court
Madison, Wisconsin 53718
(608) 661-6918
srosenow@wmc.org

*Attorney for Plaintiff*